**BROWN, ESTATE OF, In Re**

Ohio Appeals, 5th Dist, Stark Co

No 1924.  Decided Feb 6, 1941

O. M. Abt, Canton, and Warren G. Smith, Canton, for widow.

Amerman & Mills, Canton, for administrator.

**OPINION**

By LEMERT, J.

This is an appeal on a petition for review of allowance to widow, Catherine Brown. The said widow in the Probate Court asked for a review of the allowance awarded her by the appraisers of the estate of Jesse B. Brown, and the same was heard and submitted to the Probate Court. Jesse B. Brown died testate on the 24th day of November, 1931, leaving Catherine Brown, his widow, a sister, nephew and niece.

An inventory of the estate was filed on the 10th day of August, 1932, but the appraisers failed to set off in the inventory filed the amount they had awarded to Mrs. Brown for her year's support, which was $480.00. On the 23rd day of March 1933 the widow, through her attorney, filed a motion asking that an allowance for her year's support be set off to her. The motion was heard by the Probate Court and testimony was introduced, as shown by the record, that the widow stated that she could live on $40.00 a month, which would be $480.00 a year, and save money. Her attorney at that time insisted that owing to the amount of the estate she was entitled to $1200.00 for her year's support. After the matter was submitted to the Probate Court on briefs of counsel for the parties, the Probate Court made this statement and finding:

"It is therefore the opinion of the Court that the widow's rights as to her setoff and year's allowance became vested at the time of the death of her husband and are governed by the law in effect at that time.

It seems that the appraisers set off a year's allowance to the widow, but this must have been verbal. It is the opinion of the Court that this set-off and year's allowance should be in writing and made by the appraisers, and if the Court can appoint new appraisers to make this set-off and year's allowance, I see no reason why this Court cannot order the original appraisers to make such set-off and year's allowance in writing."

No objection or appeal was taken from this conclusion of the Court. The amount of the year's allowance was then made by the appraisers and no objection of any kind was made or taken, seeking a review of this allowance, until June 1940, about seven years after the allowance was made at the order of the Court.

Sec. 10509-77 GC, which was old §6043 R. S., gives authority to the Probate Court, on petition of the widow, or other person interested, to review the allowance, and increase or diminish the same, and to make such order as it may deem right and proper.

In March of 1933 the widow, by her application, sought the action of the Probate Court for a further or increased allowance. If she was dissatisfied, she had the right to appeal or prosecute a proceeding to vacate. Having omitted to avail herself of that right, she cannot, by a new application or petition again invoke the action of the Probate Court upon the same question. The duty of the Court was to review the proceedings of the appraisers. That duty performed, its power over the question was thereby exhausted. This conclusion may seem to involve hardship, but a contrary one would involve the most perplexing uncertainties as to the rights of widows and the duties of administrators.

If a widow may have such a question reviewed by the same Court, an administrator or other person interested may. Then the question of allowance might be kept open to the unreasonable embarrassment and injury of those interested in the settlement of an estate. So, entertaining this view, the finding and judgment of the Probate Court is reversed and cause remanded to that Court with instructions to dismiss the application for increased allowance.

Citing **Moore v Admrs. of Moore, 46 Oh St 89, 92.** Exceptions may be noted. Judgment reversed and cause remanded.

SHERICK, PJ. & MONTGOMERY, J., concur.